UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TONY D. SMITH, | ) | CASE NO. 5:04CV1235 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on Objection by the Petitioner, Tony D. Smith ("Petitioner"), to the Report and Recommendation ("Report") of the Magistrate Judge. This action was referred to Magistrate Judge David S. Perelman for a report and recommendation on the Petition for Habeas Corpus.

The Federal Magistrates Act requires district courts to conduct a *de novo* review of those portions of a Magistrate's report to which a petitioner has objected. 28 U.S.C. § 636(b)(1) (2005). The Court has reviewed the Petition for Habeas Corpus, Respondent's Return of Writ, Petitioner's Traverse, the Report, Petitioner's Objections thereto, exhibits, and applicable law. For reasons stated below, it is hereby determined that Petitioner's objections are not well-taken. This Court ADOPTS the Magistrate's Report AS ITS OWN and DISMISSES the Petition.

## DISCUSSION

Petitioner objects to the Report on four grounds. First, Petitioner objects to the Magistrate's version of the procedural facts set forth in the state court filings, arguing

1

specifically that he "never raised a claim of ineffective assistance of appellate counsel." (Doc. # 20 at 2) (emphasis omitted). Second, Petitioner asserts that he has a right, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to habeas review of his Fourth Amendment claims, prior to application of *Stone v. Powell*, 428 U.S. 465 (1976). Third, Petitioner asserts that the Magistrate erred in considering his claim that withholding a confidential informant's identity violated his due process rights. Petitioner's fourth objection has four parts:

    A.    The arguments advanced by the Respondent and adopted by the Magistrate are not reflective of the procedural facts of the Petitioner's state court filings. . . .

    B.    In reaching the merits of the claim of ineffective assistance of trial counsel, the Petitioner's claim is now subject to review under the AEDPA. . . .

    C.    The supreme court ruling of Coleman v. Thompson(1991) 501 U.S. 722, 750-51, is not applicable to the Fourth Ground for Relief as stated by the Magistrate. . . .

    D.    The Magistrate's findings that Petitioner's Ground Four of Habeas Petition is procedurally defaulted is objectively unreasonable.

(Doc. #20 at 6, 8-10) (errors in original) (emphasis omitted). The Court will address each objection in turn. It is noted that Petitioner's first and fourth objections are substantively very similar and will be discussed together.

In his first objection and part A of his fourth objection, Petitioner asserts that his June 2, 2003 application to reopen his appeal in the Ohio Ninth District Court of Appeals, pursuant to Ohio Appellate Rule 26(B), was based not on ineffective appellate counsel but on ineffective trial counsel. Rule 26(B)(1) states that "[a] defendant in a criminal case may apply for a reopening of [an] appeal from a judgment of conviction and sentence, based on a claim of

ineffective assistance of *appellate counsel*." Ohio R. App. P. 26(B)(1) (emphasis added). Petitioner filed an application pursuant to Rule 26(B) arguing that his appellate counsel was ineffective due to his failure to raise claims of ineffective assistance of trial counsel. (Doc. # 8, Exhibit ("Ex.") 23 at 1) ("[a]ppellant . . . was denied the effective assistance of appellate counsel, when counsel's performance fell below an objective reasonable standard in failing to raise the below listed assignments of error").

Disregarding the requirements of Rule 26(B) and his own statement of his claim, Petitioner argues that the appellate court ruled on his claims of ineffective assistance of trial counsel in denying his application. As stated above, only a meritorious claim of ineffective assistance of *appellate* counsel affords relief under Rule 26(B). *Strickland v. Washington* provides criteria to determine when a defendant's right to effective appellate counsel has been violated. 466 U.S. 668, 687 (1984). To show a violation under *Strickland*, "[an applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *State v. Spivey*, 701 N.E.2d 696, 697 (Ohio 1998).

In order to rule on the merits of Petitioner's claim for ineffective assistance of *appellate* counsel, the Ninth District Court of Appeals of Ohio applied *Strickland* by examining the *trial* counsel claims to determine if there was a reasonable probability of their success. *State v. Smith*, No. 21069, slip op. at 2-5 (Ohio Ct. App. Mar. 19, 2003). Upon concluding that the claims of ineffective assistance of trial counsel were not reasonably probable to succeed, the appellate court denied Petitioner's application because his ineffective appellate counsel claim did not satisfy the third factor of *Strickland*. *Id.* at 5. The exploratory examination of the claims of

ineffective assistance of trial counsel, undertaken to rule on the appellate counsel claim, did not rise to a decision on the merits by the state appellate court.  Furthermore, Petitioner's appeal to the Ohio Supreme Court was limited to the claim of ineffective assistance of appellate counsel advanced in his Rule 26(B) application to the appellate court.  *State ex rel. Quarto Mining Co. v. Foreman*, 679 N.E.2d 706, 709 (Ohio 1997).  Therefore, Petitioner's first objection and part A of his fourth objection are not well-taken.

Part B of Petitioner's fourth objection ties in closely with part A, but asserts specifically that because the state appellate court reached the merits of his claims of ineffective assistance of trial counsel, these claims are reviewable under the AEDPA.  However, as discussed above, the state appellate court did not reach the merits of these claims.  Therefore, this objection is not well-taken.

Part C of Petitioner's fourth objection asserts that *Coleman v. Thompson*,  501 U.S. 722, 750-51 (1991), does not apply in this case because the claims of ineffective assistance of trial counsel were not procedurally defaulted in the state courts.  The Magistrate cited *Coleman* to stand for the proposition that "[f]ailure to fairly present an issue to the state courts results in a waiver of that claim and in order to gain access to habeas review of a waived claim a petitioner must demonstrate cause to excuse the waiver and actual prejudice to his/her defense."  (Doc. # 11 at 11).  Petitioner attempts to distinguish his case through *Coleman*'s requirement that the federal claims be defaulted by an "an independent and adequate state procedural rule."  501 U.S. at 750.  The merit of this distinction need not be reached.  The Magistrate did not rely on *Coleman* to set up the procedural bar applied to Petitioner's case, but to illustrate the requirements for him to overcome that bar.  The procedural bar that applies to Petitioner's claim

arises from his failure to satisfy the exhaustion requirement for habeas corpus review of his federal claims.

To be eligible to file for federal habeas corpus, a defendant must exhaust all available state remedies for relief of the alleged constitutional violation in order to give the state a full opportunity to address the claim. *Granberry v. Greer*, 481 U.S. 129, 133 (1987). Though Petitioner presented the facts relating to his claims of ineffective assistance of trial counsel to the state courts, he did so to support his claim of ineffective assistance of appellate counsel. Because the state court did not have a full opportunity to address the claims of ineffective assistance of trial counsel, the exhaustion requirement is not met. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 2001). Petitioner has not attempted to argue that actual prejudice or fundamental injustice should excuse his waiver of the claims. For these reasons, part C of Petitioner's fourth objection is not well-taken.

Part D of Petitioner's fourth objection argues that the Magistrate's procedural bar finding, applied to his ineffective assistance of trial counsel claims, is objectively unreasonable. Petitioner concludes that the effect of the Magistrate's finding, if adopted, would be to deny federal habeas review of any claim brought unsuccessfully under Ohio Appellate Rule 26(B). In contrast, adopting the Magistrate's finding merely requires that Petitioner satisfy the exhaustion requirement. Petitioner's ineffective trial counsel claim is barred, not because his Rule 26(B) application was denied, but because the ineffective trial counsel claim was never fully presented in the state courts, as discussed above.

In an effort to further his assertion of unreasonableness, Petitioner suggests that Rule 26(B) is "a means by which claims which were not raised on Direct Appeal can be exhausted,

5

and fully preserved for federal review." (Doc. # 20 at 12). While not wholly inaccurate, Petitioner's description fails to recognize that Rule 26(B) applies only to a small category of claims. Rule 26(B) offers post-conviction relief as an exception to the general rule of res judicata, applicable only when ineffective appellate counsel has deprived a defendant of an opportunity to assign error or provided an incomplete opportunity to do so. Ohio R. App. P. 26(B)(2)(c). Petitioner's claims of ineffective assistance of trial counsel do not fit within this exception. For these reasons, part D of Petitioner's fourth objection is not well-taken.

In his second objection, Petitioner asserts that the state court rulings regarding his Fourth Amendment claims should be reviewed under the AEDPA before *Stone v. Powell*, 428 U.S. 465 (1976), may be applied. The AEDPA, in relevant part, outlines when federal courts should entertain and grant applications for writs of habeas corpus. 28 U.S.C. § 2254 (1996). For a federal court to entertain a writ for habeas corpus by a petitioner in custody pursuant to a state court judgment, the petitioner must allege that his/her custody is in violation of the Constitution, laws, or treaties of the United States. *Id.* at § 2254(a). *Stone*, on the other hand, applies specifically to Fourth Amendment claims and bars habeas review when those claims have been fully and fairly litigated in state court. 428 U.S. at 494. According to *Riley v. Gray*, full and fair litigation, in accordance with *Stone*, requires two conditions: (1) adequate state mechanisms for a remedy that protects the Fourth Amendment rights in the abstract; and (2) the absence of those mechanisms' failure in application to the case at hand. 674 F.2d 522, 526 (6th Cir. 1982).

Fourth Amendment claims are given different treatment than other constitutional claims in habeas proceedings because the primary purpose of excluding evidence that was obtained through illegal search or seizure is deterrence of unlawful police behavior. *Stone*, 428 U.S. at

483.  Because further review of police behavior in federal courts, after full litigation in state court, would do little to advance the rule's preventative purpose, the Constitution does not require habeas review of Fourth Amendment claims.  *Id.*  Therefore, fairly and fully litigated Fourth Amendment claims may not be asserted in petitions for habeas corpus under the AEDPA because being held in custody despite these claims does not violate the Constitution.  *Id.* at 494.

Though Petitioner correctly points out that *Stone* predates the AEDPA, analysis under both sources of law is not inconsistent.  *See Machacek v. Hofbauer*, 213 F.3d 947, 952-54 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001) (applying *Stone* to a Fourth Amendment claim of illegal arrest, while proceeding further into the AEDPA analysis to apply § 2254(d)(1)-(2) to claims of violations of the right to counsel and *Miranda* warnings).  The established federal law articulated in *Stone* addresses the most basic requirement for federal habeas corpus jurisdiction under the AEDPA: custody in violation of federal law.  28 U.S.C. § 2254(a).  If, because of *Stone*, Fourth Amendment claims fail to render an individual's custody in violation of federal law, analysis under the AEDPA need not proceed further to address the requirements of § 2254(d)(1)-(2).  In contrast to Petitioner's assertion that enforcing *Stone* relegates the AEDPA to secondary status, *Stone* gives meaning to the most basic requirement of the AEDPA.

Here, as outlined by Magistrate Judge Perelman, *Stone* prohibits Petitioner's claims from being entertained in a federal habeas corpus petition:

> It has been held that the State of Ohio provides an adequate state procedural mechanism to raise a Fourth Amendment claim in Rule 12 of the Ohio Rules of Criminal Procedure, which provides for a pretrial motion to suppress, and then by providing the opportunity of a direct appeal of the ruling on motion to suppress.  *Riley v. Gray*, [674 F.2d 522,] at 526 [(6th Cir. 1982)].
> The record in this case shows that petitioner moved to suppress evidence seized during a residential entry and search by police and the trial court held a

7

>hearing on the motion in February of 2002, during which defense counsel [thoroughly] questioned witnesses.  After the hearing the trial court permitted the parties to submit supplemental briefs on the issue of whether the location of the search had been properly set out in the search warrant.  Ultimately, the trial court denied the motion to suppress.
>
>Petitioner made full use of the state procedural mechanisms available to raise his claim of violation of his Fourth Amendment rights and there is no evidence that presentation of his claims was impeded by the failure of such mechanism.  It follows that the petitioner's first two claims for relief premised upon purported deprivation of his Fourth Amendment rights are not cognizable in habeas corpus and, therefore, cannot succeed.

(Doc. # 11 at 6-7).  Since, according to *Stone*, Petitioner is not being held in custody in violation of the Constitution based on his Fourth Amendment claims, the federal courts are not to entertain his Petition based on those claims pursuant to the AEDPA.  Therefore, Petitioner's second objection is not well-taken.

Petitioner's third objection, regarding his claim that due process requires disclosure of the informant's identity, encompasses three arguments: (1) the Magistrate misapplied *Roviaro v. U.S.*, 353 U.S. 53 (1975), to Petitioner's case; (2) under *Crawford v. Washington*, 541 U.S. 36 (2004), Petitioner is entitled to an opportunity to confront the informant against him; and (3) the Court should conduct an evidentiary hearing, before ruling on the disclosure claim, requiring Respondent to submit evidence to disprove Petitioner's allegation that no informant existed.

To achieve federal habeas jurisdiction, the AEDPA requires that the state court's adjudication of the claims brought in the habeas petition appear contrary to clearly established federal law or amount to an unreasonable application of federal law.  28 U.S.C. § 2254(d)(1)-(2) (1996).  In *Roviaro*, the Supreme Court established when an informant's identity should be disclosed.  353 U.S. at 60-62.  Disclosure of an informant requires consideration of competing

interests: the public interest in encouraging and protecting informants and the defendant's interest in being able to adequately prepare a defense. *Id.* To ensure proper balancing of these interests, an informant's identity should not be disclosed unless a defendant can show that disclosure is both relevant and helpful to the defense, or that disclosure is essential to the fair adjudication of the case. *Id.* Petitioner attempts to make a distinction between disclosure of an informant's identity and offering proof of an informant's existence. In practice, this distinction is not reasonable. Furthermore, Petitioner appears to agree that the principles of *Roviaro* apply to his claim.

The Magistrate found, in accordance with the state court's findings, that Petitioner failed to show that the requested disclosure would aid in his defense. Petitioner urges that the identity of the informant would have aided in his defense during pretrial hearings on his Fourth Amendment claims. However, this assertion is merely a reiteration of the arguments in his Petition, and the Court reaffirms the Magistrate's findings: "refusal to compel disclosure of the identity of the confidential informant was neither contrary to, nor was it an unreasonable application of, clearly established federal law." (Doc. # 11 at 10).

Petitioner further argues that the recent case of *Crawford v. Washington*, 541 U.S. 36, 68 (2004), mandates that he be afforded an opportunity to confront the informant against him. The Sixth Amendment states that criminal defendants have the right to confront witnesses against them. U.S. Const. amend. VI. The Supreme Court in *Crawford* clarifies this basic right by holding it applicable to all testimonial witnesses against a defendant, whether testimony was given during a grand jury, pretrial hearing, a former trial, or a police interrogation. 541 U.S. at 68. Though *Crawford* did not define testimonial witness, confidential informants have not been

9

treated as testimonial witnesses when not directly involved in the commission of an alleged crime or a participant in the trial. *See Scher v. U.S.*, 305 U.S. 251, 254 (1938); *Foster v. Ludwig*, 208 F. Supp.2d 750, 758-59 (E.D. Mich. 2002). *Crawford* does not apply in Petitioner's case because the informant did not act in a testimonial role and therefore the absence of a cross-examination opportunity does not violate due process.

Finally, Petitioner argues that the Court should conduct an evidentiary hearing, before ruling on the disclosure claim, to compel the government to produce evidence disproving Petitioner's allegation of the informant's nonexistence. Factual issues determined by the state court carry a presumption of correctness in federal habeas proceedings. 28 U.S.C. § 2254(e)(1) (1996). The AEDPA permits evidentiary hearings on factual issues that were not fully developed in state court under three circumstances: (1) when the claim relies on a new rule of law applicable to the facts at issue; (2) when the claim relies on new facts that were undiscoverable at the time of the state court proceedings; and (3) when a petitioner can show by clear and convincing evidence that no reasonable factfinder would have come to the decision reached in the state court. § 2254(e)(2).

It is unclear whether Petitioner argues that the disclosure issue was not fully developed in the state court. However, even if so, Petitioner fails to provide the information necessary to avail himself of a hearing; he argues no new rule of law, no new facts, nor does he offer any evidence to show that the finding of the state court is objectively unreasonable. Instead, Petitioner argues that the burden should be placed on the government to disprove his unsubstantiated allegations. In accordance with § 2254(e)(1), Petitioner must offer evidence sufficient to overcome the presumption in favor of the state court's finding. Petitioner offers only his own suspicion and

10

allegation, which is not enough. For these reasons, all arguments made in Petitioner's third objection are not well-taken.

## CONCLUSION

After reviewing *de novo* the objections made to the Report, this Court determines that the objections are without merit and adopts the Magistrate's Report as its own. The Report is ADOPTED IN FULL and its findings of fact and conclusions of law are fully incorporated by reference herein. Therefore, the Petition for Habeas Corpus is DISMISSED with prejudice. Furthermore, the Court certifies that an appeal from this decision would be frivolous and could not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

So ordered.

Date: August 3, 2006                      *s/ Judge John R. Adams*
                                                  JUDGE JOHN R. ADAMS
                                                  UNITED STATES DISTRICT COURT